UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JULIE COOK, SCOTT TOMKINS, :
and JOSEPH G. HUSK, on behalf :
of themselves and others :
similarly situated, :     3:12cv1082 (WWE)
     Plaintiffs, :
v. :
   :
AMEDISYS, INC., :
     Defendant. :

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR TRANSFER, AND MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT**

    This is a putative class and collective action case brought pursuant to the Fair Labor Standards Act ("FLSA") arising from use of "pay-per-visit" compensation for some of defendant Amedisys, Inc.'s home health clinicians. Plaintiffs Julie Cook, Scott Tomkins and Joseph Husk bring this action for violation of the FLSA as a collective action on behalf of "[a]ll individuals who are or will be employed by Amedisys, Inc. as Registered Nurses, Physical Therapists, Occupational Therapists, and Speech Language Pathologists in its home health division" ("Clinicians"). Plaintiffs Tomkins and Husk bring this action on their own behalf and as representative of similarly situated current of former Amedisys Clinicians employed in Pennsylvania under the Pennsylvania Minimum Wage Act.

    Defendant has moved to transfer the action to the Middle District of Louisiana pursuant to 28 U.S.C. § 1404(a) and to dismiss the action for failure to state a plausible claim. For the following reasons, the motion to transfer and the motion to dismiss will be denied.

1

**I. MOTION TO TRANSFER**

**A. BACKGROUND**

The following factual background is culled from the pleadings and the briefs and affidavits relevant to the motion to transfer.

Defendant Amedisys is a business that provides home health care services in several states, including Connecticut. Amedisys's headquarters are located in Baton Rouge, Louisiana.

Plaintiffs Cook, Tomkins and Husk are former employees of Amedisys who performed professional home health care services. Plaintiff Cook is a resident of Connecticut and worked for Amedisys in Connecticut. The two other named plaintiffs, Husk and Tomkins, reside in Pennsylvania.

Two Connecticut residents who worked in Connecticut for defendant have opted-in to join this action, and several others individuals from New York, Indiana, Illinois, Florida, Alabama, Missouri, Tennessee and Louisiana have opted to join the action.

**B. DISCUSSION**

The defendant argues for transfer to the Middle District of Louisiana pursuant to Section 1404(a), which authorizes transfer to another district where venue is also proper. The purpose of Section 1404(a) is to have federal civil suits tried in the district most suitable in terms of convenience, efficiency and justice. See Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). Plaintiffs concede that this action could have been brought in the Middle District of Louisiana.

Generally, the Court gives deference to a strong presumption in favor of a plaintiffs' choice of forum, which presumption may be overcome only by clear and

convincing evidence that private and public interest factors favor trial in the alternative forum.  Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981).  However, courts within this Circuit have afforded less deference where a plaintiff seeks to bring an action on behalf of him or herself and a putative class.  See Andrews v. A.C. Roman & Assocs., Inc., – – F. Supp. 2d – – , 2012 WL 6649149, *6 (N.D.N.Y. 2012).  A choice of forum may be accorded less weight to the extent that plaintiffs may be scattered throughout the country.  Morris v. Ernst & Young, LLP, 2012 WL 3964744, *6 (S.D.N.Y. 2012) (finding plaintiff's choice of forum to be neutral in FLSA collective action).  In this instance, the Court will afford plaintiffs' choice of forum some weight in light of the plaintiff Cook's residence and employment in Connecticut.  However, the Court does not require that plaintiffs' choice of forum be outweighed by clear and convincing evidence; rather plaintiffs' choice of forum must be outweighed by a  preponderance of the evidence.

      The Court must balance the following relevant factors, including (1) locus of operative facts; (2) access to evidence; (3) convenience of witnesses; (4) availability of compulsory process to compel witness testimony; (5) convenience of the parties; (6) familiarity of the forum with governing law; (7) trial efficiency; (8) the relative financial means of the parties; and a catchall factor (9), interests of justice.  The Court considers these factors in the relative order of importance.

      1. Locus of Operative Facts

      To determine the locus of operative facts, courts look to where the conduct giving rise to the claim occurred.  Costello v. Home Depot U.S.A., Inc., 888 F. Supp. 2d 258, 268 (D. Conn. 2012).  Here, the named plaintiffs' allegations concern conduct in Connecticut and Pennsylvania.  Operative facts also occurred in the districts where the

opt-in plaintiffs were employed at defendant's branch offices. As defendant points out, the compensation policy was adopted at its headquarters in Baton Rouge, Louisiana. Thus, there are significant contacts with several districts including both Connecticut and the Middle District of Louisiana. Accordingly, the Court finds that this factor is neutral to the balance.

### 2.  Location of Relevant Documents

The claims in this action are rooted in documentary evidence, which exists in the Middle District of Louisiana, the districts where each plaintiff was employed at defendant's branch offices and the districts where each plaintiff resides. The largest portion of documents relevant to discovery may be found at defendant's Baton Rouge headquarters. However, modern technology has eased the burden of long-distance discovery. MAK Marketing, Inc., 620 F. Supp. 2d 295, 310 (D. Conn. 2009). Accordingly, this factor only weighs slightly in favor of transfer.

### 3.  Convenience of Witnesses and Parties

Transfer should not shift the inconvenience of travel from one party to another. A Slice of Pie Productions, LLC v. Wayans Bros. Entertainment, 392 F. Supp. 2d 297, 308 (D. Conn. 2005). Defendant asserts that transfer is favored because two witnesses residing in the Middle District of Louisiana and one who resides in Georgia represent key witnesses who will be required to testify. However, managers from several branch offices not located in the Middle District of Louisiana will also be required to travel. Further, transfer to the Middle District of Louisiana would require plaintiffs, who have less means than the corporate defendant, to travel an inconvenient distance to testify at their own trial. Accordingly, this factor does not weigh in favor of transfer.

4. <u>Compulsory Process to Compel Witness Testimony</u>

As most of the witnesses in the Middle District of Louisiana represent defendant's employees, there is not likely an issue concerning uncooperative witnesses who must be compelled to attend trial. Thus, this factor does not weigh in favor of transfer.

5. <u>Familiarity of the Forum with Governing Law</u>

This action presents issues of the federal FLSA and Pennsylvania labor laws. This Court is well experienced in dealing with FLSA actions and also in applying the law of other states. Accordingly, this factor does not weigh in favor of transfer.

6. <u>Trial Efficiency and interest of justice</u>

This Court is not so overburdened with such a congested docket that this case would be unduly delayed. In fact, transfer of the case may delay resolution of the pending motion to dismiss and for certification. Accordingly, this factor does not weigh in favor of transfer.

7. <u>Balance of the Factors</u>

Generally, the factors do not favor transfer to the Middle District of Louisiana with the slight exception of the access to evidence. Thus, the factors do not prevail to defeat the weight afforded plaintiffs' choice of forum, and the Court will deny the motion to transfer.

**II. MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT**

**A. ALLEGATIONS OF THE COMPLAINT**

For purposes of ruling on this motion, the Court considers the allegations of the complaint to be true.

For at least three years prior to this action, Amedisys has maintained a corporate policy of paying its Registered Nurses ("Rns"), Physical Therapists, Occupational Therapists, and Speech Language Pathologists in its home health division pursuant to a compensation method that includes "per visit" payments for some work and hourly payments for other work. Amedisys's corporate compensation policy misclassifies visiting plaintiffs and other Clinicians as exempt employees.

Amedisys classified plaintiffs Cook, Tomkins and Husk, who are Rns, as exempt employees under the FLSA. Amedisys compensated plaintiffs on a per visit or an hourly basis for work completed in office. It failed to pay plaintiffs for travel time to the office or pay proper overtime wages when plaintiffs worked more than 40 hours per week.

As to plaintiff Tomkins, the complaint specifies: "Until December 2010, Mr. Tomkins did not receive any overtime wages despite frequently working over 40 hours per week. Following December 2010, Mr. Tomkins was told that he was now eligible to receive overtime and he received some additional compensation, but he did not receive time and a half payment of all hours worked over forty (40) per week." As to plaintiff Husk, the complaint states: "Although Mr. Husk was occasionally paid additional compensation that Amedisys labeled 'overtime' when he accepted and completed additional patient visits in the evenings following a full-day of visits, such compensation was paid at a rate lower than time and a half, and was paid only for time spent making visits and not for all of the time over 40 hours Mr. Husk spent working."

**B. DISCUSSION**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain a short and plain statement of the case. A court will grant a motion for a more definite statement when a complaint is so vague that a responsive pleading cannot be filed or the party is unable to determine the issues. Fed. R. Civ. P. 12(e); Bryson v. Bank of New York, 584 F. Supp. 1306, 1319 (S.D.N.Y. 1984).

In count one, plaintiffs allege Amedisys misclassified them as exempt, failed to pay them the hourly wage required by law and violated the FLSA Section 206 (minimum wage requirement) and Section 207 (overtime payment required). In count two, plaintiffs Tomkins and Husk assert violation of the Pennsylvania Minimum Wage Act. Amedisys maintains that the complaint is ambiguous as to the nature of the claims asserted and that it fails to allege a class and collective action.

To state a claim for failure to pay minimum or overtime wages under the FLSA, a plaintiff must demonstrate that (1) he is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay him minimum or overtime wages.  Freeman v. Key Largo Volunteer Fire and Rescue Dept., Inc., 494 Fed. Appx. 940, 942 (11th Cir. 2012); see, e.g., Bachayeva v. Americare Certified Special Services, Inc., 2013 WL 1171741, *4 (E.D.N.Y. 2013).

Section 206 requires that all covered employers pay all non-exempt employees wages at rates not less than certain hourly rates.  29 U.S.C. § 206(a).

Section 207 of the FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).

1. Nature of the Claims Asserted

Defendant Amedisys maintains that plaintiffs' complaint is deficient because it is ambiguous and fails to provide fair notice of claims asserted.  Amedisys submits that the complaint alleges that plaintiffs were wrongfully classified as "exempt from overtime" but that it is unclear whether "plaintiffs are attempting to assert a minimum wage claim, an exemption misclassification claim, and an off-the-clock claim based on non-exempt status or treatment."  In their opposition memorandum, plaintiffs clarify that they pursue only two claims: (1) In the first count, a FLSA violation based on failure to pay for all hours worked over forty per week at a rate of time and one-half; and (2) in the second count, a parallel claim under the Pennsylvania Minimum Wage Act.

8

Plaintiffs argue vigorously that the complaint has stated a plausible claim for a violation of Section 207. To survive a motion to dismiss on Section 207 cause of action, a plaintiff must allege sufficient facts to state a plausible claim that they worked 40 hours in a workweek and uncompensated overtime in a workweek longer than 40 hours. <u>Lundy v. Catholic Health Sys. Of Long Island Inc.</u>, 2013 WL 765117, *4 (2d Cir. 2013). Here, the complaint adequately alleges that plaintiffs have worked forty hour workweeks and that they were not compensated in compliance with Section 207 for overtime exceeding the forty hours. Accordingly, the Court finds that plaintiffs' complaint has sufficiently alleged a plausible Section 207 claim. The Court will not require plaintiffs to amend the complaint for further clarification on the theory of their action.

2. <u>Class and Collective Action Claims</u>

Amedisys asserts that the named plaintiffs cannot bring this collective and class action based on overtime violations on behalf of physical therapists, occupational therapists, and speech language pathologists.

Amedisys complains that plaintiffs "have failed to allege any facts to demonstrate that they are similarly situated to, or that their claims are common or typical of, employees in the other three job classifications," and have failed to provide "any factual allegations about the duties, compensation, or classification of the other positions that the plaintiffs never had." However, the complaint alleges that the physical therapists, occupational therapists, and speech language pathologists were subject to the same payment policy as the named plaintiffs, that they had job requirements similar to the named plaintiffs, and that worked in excess of forty hours per workweek without the

9

time-and-a-half rate for hours in excess of 40.  These allegations are sufficient to state plausible claims for a collective and class action based on the asserted overtime violations.  Amedisys may attack these merits of these allegations by responding to the motion for certification or later on a motion for decertification.  The motion to dismiss will be denied.

## **CONCLUSION**

For the foregoing reasons, the motion to transfer is DENIED [doc. #30]; the motion to dismiss or for a more definite statement is DENIED [doc. #32].

Defendant Amedisys is instructed to respond to the motion to certify class conditionally as collective action within 21 days of this ruling's filing date.


Dated this _8th____ day of April, 2013 at Bridgeport, Connecticut.


            _____/s/_____
            Warren W. Eginton
            Senior U.S. District Judge