IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCOTT TOMKINS, JOSEPH G. HUSK, and ELIZABETH LEUNG, on behalf of themselves and others similarly situated,<br><br>*Plaintiffs*,<br>v.<br><br>AMEDISYS, INC.<br><br>*Defendant*. | Civil Action No. 3:12-cv-01082 (WWE)<br>August 22, 2013 |

# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR EQUITABLE TOLLING

## TABLE OF CONTENTS

Page

I. Introduction ................................................................................................................ 1

II. Factual Background .................................................................................................. 2

III. Argument .................................................................................................................. 4

IV. Conclusion .............................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Adams v. Inter-Con Sec. Sys., Inc.*
   242 F.R.D. 530 (N.D. Cal. 2007) ................................................................................ 7, 8

*Adams v. Tyson Foods, Inc.*,
   No. 07-CV-4019, 2007 WL 1539325 (W.D. Ark. May 25, 2007) ................................... 6

*Beauperthuy v. 24 Hour Fitness USA, Inc.*,
   No. 06-0715 SC, 2007 WL 707475 (N.D. Cal. Mar. 6, 2007) ................................ 5, 8, 9

*Boldozier v. Am. Family Mut. Ins. Co.*,
   375 F. Supp. 2d 1089 (D. Colo. July 8, 2005) ................................................................ 6

*Bolletino v. Cellular Sales of Knoxville, Inc.*,
   No. 3:12-CV-138, 2012 WL 3263941 (E.D. Tenn. Aug. 9, 2012) .................................. 6

*Castle v. Wells Fargo Fin. Inc.*,
   No. C 06-4347 SI, 2007 WL 1105118 (N.D. Cal. 2007) ............................................. 5, 9

*Colon v. Major Perry St. Corp.*,
   No. 12 CIV. 3788 JPO, 2013 WL 3328223 (S.D.N.Y. July 2, 2013) .............................. 5

*Grayson v. K Mart Corp.*,
   79 F.3d 1086 (11th Cir. 1996) ......................................................................................... 2

*Helton v. Factor 5, Inc.*,
   No. C 10-04927 ............................................................................................................... 7

*Herman v. RSR Sec. Servs, Ltd.*,
   172 F.3d 132 (2d Cir. 1999) ............................................................................................ 3

*Hodgson v. Humphries*,
   454 F.2d 1279 (10th Cir. 1972) ....................................................................................... 8

*Hoffmann v. Sbarro, Inc.*,
   982 F. Supp. 249 (S.D.N.Y.) 1997 .................................................................................. 2

*Hoffmann-La Roche Inc. v. Sperling*,
   493 U.S. 165 (1989) ............................................................................................... 2, 4, 5

*Lee v. ABC Carpet & Home*,
   236 F.R.D. 193 (S.D.N.Y. 2006) ............................................................................ 5, 8, 9

*Lynch v. United Servs. Auto. Ass'n*,
    491 F. Supp. 2d. 357 (S.D.N.Y. 2007)..................................................................................2

*Madrigal v. Green Giant Co.*,
    No. C-78-157, 1981 WL 2331 (E.D. Wash., July 27, 1981) ...................................................6

*McGlone v. Contract Callers, Inc.*,
    867 F. Supp. 2d 438 (S.D.N.Y. 2012)...................................................................................5

*Myers v. Copper Cellar Corp.*,
    No. 3:05-CV-541, 1996 WL 766505 (E.D. Tenn. Sept. 27, 1996)...........................................6

*Owens v. Bethlehem Mines Corp.*,
    630 F. Supp. 309 (S.D. W. Va. 1986) ..............................................................................6, 8, 9

*Partlow v. Jewish Orphans' Home of S. Cal.*,
    645 F.2d 757 (9th Cir. 1981) ................................................................................................9

*Patton v. Thomson Corp.*,
    364 F. Supp. 2d 263 (E.D.N.Y. 2005) ..................................................................................2

*Perkins v. S. New England Tel. Co.*,
    CIV.A. 3:07-CV-967JC, 2009 WL 3754097 (D. Conn. Nov. 4, 2009)....................................9

*Ruffin v. Entm't of the E. Panhandle*,
    No. 3:11-CV-19, 2012 WL 28192 (N.D. W. Va., Jan. 5, 2012)..............................................6

*Sperling v. Hoffmann-La Roche Inc.*,
    118 F.R.D. 392 (D. N.J. 1988)..........................................................................................5, 9

*Stickle v. SCIWestern Mkt. Support Ctr., L.P.*,
    No. CV08083PHXMHM, 2008 WL 4446539 (D. Ariz. Sept. 30, 2008) ................................6

*Stoll v. Runyon,*
    165 F.3d 1238 (9th Cir. 1999) ..............................................................................................8

*Stransky v. HealthONE of Denver, Inc.*,
    868 F. Supp. 2d 1178 (D. Colo. 2012)..................................................................................7

*Struck v. PNC Bank N.A.*,
    No. 2:11-CV-00982, 2013 WL 1142708, -- F. Supp. 2d -- (S.D. Ohio Mar. 19, 2013)............7

*Yahraes v. Rest. Assocs. Events Corp.*,
    No. 10-CV-935 SLT, 2011 WL 844963 (E.D.N.Y. Mar. 8, 2011)...........................................5

*Zipes v. Trans World Airlines, Inc.*,
    455 U.S. 385 (1982)..............................................................................................................8

iii

1724220.2

**STATUTES AND REGULATIONS**

29 U.S.C. § 201, *et seq*..............................................................................................................1

29 U.S.C. § 216(b) .................................................................................................................1, 2

29 U.S.C. § 255......................................................................................................................3, 8

29 C.F.R. § 541.300 ....................................................................................................................3

29 C.F.R. § 541.605 ....................................................................................................................3

**I.     INTRODUCTION**

Plaintiffs are per visit home health care clinicians who were not compensated by Defendant Amedisys, Inc. for all hours worked overt forty per week at a rate of time and one-half, as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. and Pennsylvania state law.  On September 24, 2012, pursuant to 29 U.S.C. § 216(b), Plaintiffs moved for this Court to conditionally certify a collective action and to issue notice to all similarly situated persons of the pending FLSA claims so that those current and former employees will have the opportunity to exercise their rights under the FLSA.  Plaintiffs' Notice Motion was stayed pending resolution first of defendant's motions to transfer venue and dismiss the case, and then pursuant to defendant's request for pre-response discovery.  Defendant's Opposition to Notice was not filed until August 8, 2013, and thus Plaintiffs' Reply is being filed August 22, 2013, the same day as this motion.

Plaintiffs request that the Court equitably toll the statute of limitations for absent class member claims arising under the FLSA for the period between filing of the Notice motion on September 24, 2012 and the date notice is issued of notice.  Accordingly, notice would be issued to similarly situated persons employed at Amedisys on or after three years prior to September 24, 2012.  Equitable tolling is warranted due to the delays in issuance of notice, stemming from stays of litigation sought by defendant, which will prevent notice from being promptly issued following Plaintiffs' motion through no fault of Plaintiffs' own.

This Court should apply equitable tolling because the claims of potential opt-in plaintiffs who are not yet aware of their opportunity to participate in this case are diminished with every passing day due to the running of the statute of limitations, and indeed may be lost altogether as a result of the delays in adjudicating conditional certification.  Moreover, tolling will not unduly prejudice Amedisys as it has been on notice of the class claims arising out of a statutory period

1724220.2

beginning three years prior since Plaintiffs filed their Complaint in July 2012 and their motion for notice and conditional certification shortly thereafter. Consequently, equitably tolling the statute of limitations will ensure protection of Plaintiffs' significant interests in preserving their claims despite stays sought by Defendant, and will impose no surprise or undue prejudice upon Defendant.

## II.   FACTUAL BACKGROUND

Named plaintiffs are three home health care clinicians seeking to represent a nationwide collective action class encompassing home health clinicians at over 300 Amedisys locations nationwide. On July 25, 2012, Plaintiffs filed a complaint on behalf of themselves and similarly situated persons alleging that Amedisys failed to pay home health clinicians proper overtime as required by the FLSA and state law. Dkt. 1.

In a collective action, unlike a Rule 23 class action, individual employees must opt-in to the action by filing a written consent to join the action with the court. *See* 29 U.S.C. § 216(b); *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989). Notably, the statute of limitations for each individual continues to run until the employee affirmatively opts-in to the action. *See* 29 U.S.C. § 216(b); *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1106 (11th Cir. 1996); *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d. 357, 371 (S.D.N.Y. 2007). For this reason, courts routinely decide at an early stage in the litigation to send notice to members of the proposed collective action to inform them of their right to join the litigation. *Hoffmann-La Roche*, 493 U.S. at 170-71; *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 268 (E.D.N.Y. 2005); *Lynch*, 491 F. Supp. 2d. at 371; *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 263 (S.D.N.Y.) 1997).

Pursuant to 29 U.S.C. § 216(b), Plaintiffs moved for notice to all similarly situated current and former Amedisys employees, and for preliminary certification of a collective action, on September 24, 2012. Dkt. 29. Specifically, Plaintiffs sought issuance of notice to all full-

time Registered Nurses, Physical Therapists, Occupational Therapists, Speech Language Pathologists, or in substantially similar positions, and who were paid on a per visit and hourly basis, employed by Amedisys within the past three years.[1]

Later that same day, Amedisys filed two motions—a motion to dismiss the case and a motion to transfer venue. Dkts. 32 and 30. Amedisys subsequently filed a motion requesting that the case be stayed pending resolution of its motions. Dkt. 37. Amedisys further requested additional time for limited discovery prior to responding to Plaintiffs' Notice motion. Plaintiffs' opposed both requests and noted the urgency of issuing notice. Dkt. 45. On October 15, 2012, the Court granted Amedisys' motion to stay, staying litigation of this matter. Dkt. 49.

On April 8, 2013, this Court denied Amedisys's motions to dismiss the complaint and to transfer venue. Dkt. 56. The Court also ordered Amedisys to respond to Plaintiffs' pending motion for notice within 21 days. Shortly thereafter, however, Amedisys moved for clarification seeking additional time for discovery prior to responding to Plaintiffs' notice motion consistent with its prior motion to stay, and the Court promptly granted the motion, permitting additional time for limited discovery prior to Gentiva's response. Dkt. 59.

Amedisys has paid Plaintiffs and other Clinicians pursuant to a compensation practice that does not comport with either the salary basis or the fee basis requirements for exemption from overtime requirements. *See* 29 C.F.R. §§ 541.300, 541.605. Rather than paying Clinicians salaries or on a "fee basis," as defined in 29 C.F.R. § 541.605, Amedisys's corporate compensation policy has been to pay its Clinicians based on hours worked and estimates of hours worked. Through December 2010, Amedisys classified Clinicians as exempt from overtime

---

[1] The statute of limitations under the FLSA is three years where, as here, the violation is willful, and is otherwise two years. 29 U.S.C. § 255(a); *Herman v. RSR Sec. Servs, Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999).

requirements under the FLSA, and even thereafter continued to fail to pay Clinicians for all of their hours worked in addition to overtime at a rate of time and one half for all hours worked over forty (40) hours per week.  Plaintiffs and other Clinicians are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to a common practice that requires or permits them to perform uncompensated work for the benefit of Amedisys by failing to pay for all hours worked and time and one half for those hours in excess of forty (40) hours per week in violation of the FLSA.

## III. ARGUMENT

Plaintiffs initially sought issuance of notice of this action on September 24, 2012.  At Defendant's request, which Plaintiffs opposed, responsive briefing on the motion was stayed pending the Court's resolution of Defendant's motions to transfer venue and to dismiss the complaint, and for additional time to permit Defendant to take discovery.  Defendant's motions to transfer venue and dismiss were denied on April 8, 2013, at which point the Court permitted Defendant additional time to initiate discovery prior to responding to Plaintiffs' Notice motion.  As a result, through no fault of Plaintiffs, no ruling on Notice will be issued until after August 22, 2013, when Plaintiffs' reply brief in support of notice is filed.  This will be eleven months from Plaintiffs' filing of the motion.[2]

The Supreme Court has found that the benefits of a collective action depend upon potential class members "receiving accurate and *timely* notice" so that they can "make informed decisions."  *Hoffmann-La Roche*, 493 U.S. 165 at 170 (emphasis added).  Thus, it is not surprising that courts have often tolled the running of the limitations period where there were

---

[2] Due to a substitution of one class representative for another, Plaintiffs' refiled their Motion for Notice on July 10, 2013, Dkt. 97, however, there was no substantive change in the motion, which has thus effectively been pending for almost a year.

delays in ruling on motions to issue notice, thus preventing the "accurate and timely notice" that *Sperling* requires. *See, e.g., Sperling v. Hoffmann-La Roche Inc.*, 118 F.R.D. 392, 410-11 (D. N.J. 1988) (recognizing that statute of limitations was subject to equitable modification, and finding a compelling case for equitable tolling due to delay of over two years from when plaintiffs sought notice to when district court ruled), *aff'd in part*, *appeal dismissed in part*, 862 F.2d 439 (3d Cir. 1988), *aff'd*, 493 U.S. 165 (1989); *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (where complaint filed in May 2011, notice motion heard and submitted in December 2011, and ruling issued five months later, equitable tolling permitted due to delay in ruling on motion); *Yahraes v. Rest. Assocs. Events Corp.*, No. 10-CV-935 SLT, 2011 WL 844963, at *2-3 (E.D.N.Y. Mar. 8, 2011) (equitable tolling granted where nine months passed between the filing and granting of the motion, including some months due to a stay) (collecting cases);[3] *Colon v. Major Perry St. Corp.*, No. 12 CIV. 3788 JPO, 2013 WL 3328223 (S.D.N.Y. July 2, 2013) (granting tolling where motion for notice pending approximately six months); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 200 (S.D.N.Y. 2006) (tolling granted where court had ordered parties to put their collective action motion "on hold" pending resolution of summary judgment motion, which thus delayed ruling on notice for several years).

Tolling has been permitted where, as here, a formal stay or decision by the court to delay ruling on notice until other issues are resolved caused delay. *Yahraes*, 2011 WL 844963, at *2-3; *Castle v. Wells Fargo Fin. Inc.*, No. C 06-4347 SI, 2007 WL 1105118, at *1 (N.D. Cal. 2007) (tolling statute of limitations where there was a stay and delay in litigation to resolve arbitration issue); *Beauperthuy v. 24 Hour Fitness USA, Inc.,* No. 06-0715 SC, 2007 WL 707475, at *8 (N.D. Cal. Mar. 6, 2007) (delay in issuing notice due to arbitration and coordination of multiple

---

[3] This case and all other unpublished authority are attached hereto as Exhibit 1.

suits made equitable tolling appropriate); *Adams v. Tyson Foods, Inc.*, No. 07-CV-4019, 2007 WL 1539325 (W.D. Ark. May 25, 2007) (equitably tolling the statute of limitations for putative collective action members while litigation was stayed pending resolution of defendant's motion for transfer to ensure plaintiffs were not prejudiced by the stay); *Bolletino v. Cellular Sales of Knoxville, Inc.*, No. 3:12-CV-138, 2012 WL 3263941, at *3 (E.D. Tenn. Aug. 9, 2012) (equitable tolling appropriate during period discovery is stayed while defendant's motion to dismiss is resolved, because stay would delay issuance of notice); *Stickle v. SCIWestern Mkt. Support Ctr., L.P.*, No. CV08083PHXMHM, 2008 WL 4446539 (D. Ariz. Sept. 30, 2008) (equitably tolling the FLSA statute of limitations because court deferred consideration of plaintiffs' notice motion filed nine months earlier pending briefing and resolution of defendant's motion to dismiss); *Ruffin v. Entm't of the E. Panhandle*, No. 3:11-CV-19, 2012 WL 28192, at *2 (N.D. W. Va., Jan. 5, 2012) (granting tolling because court delayed deciding Plaintiffs' notice motion while the parties briefed and the court considered a preliminary partial summary judgment issue).

Tolling has also been granted when there have been delays in ruling on the notice due to the normal press of court business. *Madrigal v. Green Giant Co.*, No. C-78-157, 1981 WL 2331, at *6 (E.D. Wash., July 27, 1981) (where motion to discover names of potential class members to send notice about the suit was pending for over two and a half years before ruling, court tolled the statute of limitations during the time period that the motion was pending); *Myers v. Copper Cellar Corp.*, No. 3:05-CV-541, 1996 WL 766505, at *3 (E.D. Tenn. Sept. 27, 1996) (court tolled statute of limitations due to one year delay from filing of motion for notice until motion was ruled upon**)**; *Boldozier v. Am. Family Mut. Ins. Co.,* 375 F. Supp. 2d 1089, 1092-93 (D. Colo. July 8, 2005) (tolling granted because defendant refused to provide names and addresses to plaintiffs to facilitate notice prior to court ruling approximately 9 months later); *Owens v.*

*Bethlehem Mines Corp.*, 630 F. Supp. 309, 312-13 (S.D. W. Va. 1986) (the Court held that opt-in plaintiffs who were precluded from timely filing their consents due to the Court's delay of 17 months in ruling on the certification and discovery motion should not be barred from asserting their claims); *Adams v. Inter-Con Sec. Sys., Inc.* 242 F.R.D. 530, 542-43 (N.D. Cal. 2007) (tolling warranted due to defendant's refusal to produce names and address for informal notice when requested, only produced after court ruled on sending court-approved notice); *Helton v. Factor 5, Inc.*, No. C 10-04927 SBA, 2011 WL 5925078 (N.D. Cal. Nov. 28, 2011) (equitably tolling FLSA statute of limitations pending decision on plaintiffs' motion for conditional FLSA certification because court had deferred the motion for conditional certification plaintiffs sought to file eight months earlier and ordered mandatory settlement conferences, and further that court would not be able to schedule hearing for several months further, and thus procedural delay in issuing notice warranted tolling); *Struck v. PNC Bank N.A.*, No. 2:11-CV-00982, 2013 WL 1142708, -- F. Supp. 2d -- (S.D. Ohio Mar. 19, 2013) (equitably tolling statute of limitations from the date plaintiffs filed notice motion through 60 days after mailing of notice, because 11 months passed between the date plaintiffs filed their motion for notice and date court granted motion through no fault of plaintiffs, such delay constituted approximately one-third of the three year FLSA limitations period and thus had the potential to extinguish the claims of a substantial portion of the putative class, and declining tolling would thus be highly prejudicial to plaintiffs whereas granting tolling would not in any way prejudice defendant because defendant was on notice of the full scope of potential liability); *Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1181-82 (D. Colo. 2012) (equitably tolling the statute of limitations from the date plaintiffs filed for notice until 90 days after notice issued if notice was approved, or the date the court denied notice it the request was denied).

1724220.2

These opinions are well grounded in authority governing statutes of limitations. In general, statutes of limitations are subject to the equitable measures of waiver, estoppel and tolling. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 386 (1982).[4] Unlike estoppel, which focuses on misconduct by defendant, "[i]n contrast to examining the Defendant's conduct, the emphasis in considering equitable tolling is on the Plaintiff." *Owens*, 630 F. Supp. at 312; *see also Adams*, 242 F.R.D. at 542-43. Specifically, courts have examined whether plaintiffs have caused the delay or whether they have been diligent in pursuing their claim once on notice of it. *Owens*, 630 F. Supp. at 312; *Adams*, 242 F.R.D. at 542-43.

Courts have identified several types of situations when plaintiffs, who are otherwise diligent, should be protected by equitable tolling. All involve circumstances beyond plaintiffs' control which prevent them from pursuing their claim in a timely manner, such as the delay in ruling on notice in this case. *Beauperthuy,* 2007 WL 707475, at *8 (citing *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 1004 (9th Cir.2006)) (tolling available where delay caused by "factors independent of the plaintiff"); *Stoll v. Runyon,* 165 F.3d 1238, 1242 (9th Cir. 1999) ("extraordinary circumstances beyond the plaintiff's control"); *Lee*, 236 F.R.D. at 200 (citing *Iavorski v. U.S. I.N.S.,* 232 F.3d 124, 129 (2d Cir. 2000)).

The types of circumstances courts have recognized as being outside plaintiffs' control have included: (i) "where the plaintiffs actively pursued their legal remedies by filing defective pleadings within the statutory period," *Adams*, 242 F.R.D. at 542-43 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)); (ii) where plaintiffs were excusably ignorant of their claim, but acted once they had notice, *Owens*, 630 F. Supp. at 312; *Beauperthuy,* 2007 WL

---

[4] The statute of limitations applicable to the FLSA, 29 U.S.C. § 255, has been explicitly held to be a procedural limitation period subject to tolling. *Hodgson v. Humphries*, 454 F.2d 1279, 1283-84 (10th Cir. 1972).

707475, at *8 (noting that excusable ignorance is one basis, but not the only basis); and (iii) when other equitable considerations dictate such tolling, *Partlow v. Jewish Orphans' Home of S. Cal.*, 645 F.2d 757, 760-61 (9th Cir. 1981). Delay in issuing notice, because of delay in ruling on a notice motion, whether caused directly by the court or indirectly by arbitration or other proceedings, has regularly been recognized as falling within the scope of permissible grounds for equitable tolling. *Castle*, 2007 WL 1105118, at *1-2; *Sperling*, 118 F.R.D. at 410-11; *Owens*, 630 F. Supp. at 312-13; *Beauperthuy,* 2007 WL 707475, at *8; *Lee*, 236 F.R.D. at 200; and other cases cited *supra* at 5-7.[5]

In this case, potential class members have been subject to a delay of at least eleven months – similar to that found sufficient to justify application of equitable tolling in the cases discussed above. While equitable tolling is reserved for occasions when there has been unusual delay in issuing notice, this case presents that type of unusual, if not unique, delay. Application of the Court's equitable powers is appropriate here.

The final requirement for application of equitable tolling is that the defendant had notice of the plaintiffs' claims, and thus is not prejudiced by the application of tolling. *Owens,* 630 F. Supp. at 313; *Partlow*, 645 F.2d at 761. Where, as here, Plaintiffs' complaint alleged class claims and Plaintiffs' promptly filed for conditional certification of those claims, there can be no dispute that Amedisys has been on notice of Plaintiffs' claims, just as defendants were in *Owens*, *Partlow*, and the other cases discussed above in which equitable tolling was granted.

---

[5] Plaintiffs have located a single case from this Court in which equitable tolling was denied. *Perkins v. S. New England Tel. Co.*, No. CIV.A. 3:07-CV-967JC, 2009 WL 3754097 (D. Conn. Nov. 4, 2009). In that case, plaintiff had filed her suit in June 2007, and as of July 2008 had still not moved for certification of the proposed class, or for issuance of notice. The lack of diligence in pursuing notice is in striking contrast to Plaintiffs here, and thus *Perkins* does not undermine Plaintiffs request for tolling here.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be granted and the statute of limitations tolled for putative class members from September 25, 2012, when Plaintiffs' motion was first filed, until 90 days after notice has been issued.

BY: */s/ Christine E. Webber*
Christine E. Webber (# 439368)

COHEN MILSTEIN SELLERS & TOLL PLLC
Christine E. Webber (# 439368)
Abigail E. Shafroth (# 1003646)
1100 New York Avenue, Suite 500 West
Washington, DC 20005
T:  (202) 408-4600
F:  (202) 408-4699
cwebber@cohenmilstein.com
ashafroth@cohenmilstein.com

THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC
Gilda Adriana Hernandez (NCSB #36812)
315 S. Salem Street, Suite 310
Apex, NC 27502
T: 919.741.8693
F: 919.869.1853
ghernandez@gildahernandez.com

HAYBER LAW FIRM, LLC
Richard E. Hayber (# ct11629)
221 Main Street
Hartford, CT  06106
T: (860) 522-8888
F: (860) 218-9555
rhayber@hayberlawfirm.com

*Attorneys for Plaintiffs*