EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JULIE COOK, SCOTT TOMKINS, and          )
JOSEPH G. HUSK, on behalf of            )
themselves and others similarly situated, )
                                        )
*Plaintiffs,*                           )
                                        )   Civil Action No. 3:12-cv-01082 (WWE)
v.                                      )
                                        )
AMEDISYS, INC.                          )
                                        )
*Defendant.*                            )
                                        )

**DECLARATION PURSUANT TO 28 U.S.C. § 1746 OF TAMMY SMITH**

I, Tammy Smith, hereby declare as follows:

1.       I make this Declaration based upon my personal knowledge.

2.       I am over 21 years of age and fully competent to make this Declaration. My address is 109 Alice Street NE, Cleveland, TN 37323.

3.       I am a Registered Nurse for Amedisys, Inc. My job is based in Chattanooga, TN. I am paid on a per visit basis.

4.       On Tuesday, August 6, 2013, the Director of Operations, Rachel Nicholas, announced in a staff meeting that we would be receiving an important email about an Amedisys policy change. She told us that the change involved a policy about arbitration, and if we had any questions, we should call the 800 number.

5.       Later that day, I received an email from Martha Williams, the Chief Human Resources Officer, with the subject line "Important Policy Change – Must Read." The email included a link and stated, "This email contains important time-sensitive materials that the Company requires that you read as they could affect your legal rights. Please click here to receive them." A copy of this email is attached to this Declaration as Exhibit 1.

6.       When I clicked on the link, it brought me to an Amedisys Arbitration Program Acknowledgement form on the Amedisys website. In order to access materials about the Amedisys Arbitration Program, I had to click the "acknowledge" button. I was afraid to agree to anything that I didn't know about, so I searched for "Arbitration" within Amedisys's Policy and Procedures on the website. It took me a while, but I finally found materials about the new

arbitration program.

7.     I found three documents about the new arbitration program on the website: an Amedisys Arbitration Program cover letter, an Amedisys Dispute Resolution Agreement, and an Amedisys Arbitration Program Frequently Asked Questions.  Copies of these documents are attached to this Declaration as Exhibits 2-4.

8.     On Tuesday, August 13, 2013, I received another email from Martha Williams with the subject line "Second Notice – Important Policy Change – Must Read."  A copy of this email is attached to this Declaration as Exhibit 5.

9.     On Tuesday, August 20, 2013, I received a third email from Martha Wiliiams with the subject line "Third Notice – Important Policy Change – Must Read."  A copy of this email is attached to this Declaration as Exhibit 6.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this the 22 day of August , 2013.

Tammy Smith

2

Exhibit 1

**From:**       Martha.Williams@amedisys.com
**Subject:**    Important Policy Change - Must Read
**Date:**       Tuesday, August 06, 2013 1:30:39 PM

This e-mail contains important time-sensitive materials that the Company requires that you read as they could affect your legal rights. Please click here to receive them.

Exhibit 2

## COVER LETTER TO THE AMEDISYS ARBITRATION PROGRAM AND DISPUTE RESOLUTION AGREEMENT

To:     All Employees

From:  Martha S. Williams, PhD
         Chief Human Resources Officer

Date:  August 6, 2013

Re:     The Amedisys Arbitration Program and
         Dispute Resolution Agreement – Please Read

Importance: High

Amedisys, Inc. has adopted a Company-wide policy, called the "Amedisys Arbitration Program," that requires most employment-related disputes to be resolved through arbitration, as provided in the accompanying "Dispute Resolution Agreement." Amedisys believes that disputes can usually be resolved in arbitration more quickly and less expensively than if they were brought in court and therefore that this policy benefits Amedisys and its employees alike. Others prefer litigation to arbitration, though, and it is entirely your choice whether or not to participate in the new arbitration program. **However, if you do not want to be covered by the new policy outlined in the Dispute Resolution Agreement and instead desire to preserve your right to bring disputes before a court, you must notify Amedisys within 30 days in the manner described below**. Amedisys therefore strongly recommends that you read the Dispute Resolution Agreement carefully.

**What is arbitration?** Amedisys hopes that any dispute that might arise between you and the Company will be resolved informally, either through discussions with your supervisor or Human Resources. However, if that does not happen, the Dispute Resolution Agreement requires both sides to submit the dispute to "arbitration" instead of filing a lawsuit in court. This means that you and Amedisys would pick a neutral, independent person, called an "arbitrator," who would make a determination after listening to the evidence presented by each side. The arbitrator can award any form of individual relief that can be awarded by a court. Except for your payment of a $200 filing fee (Amedisys must pay its own filing fee of $1,350) to initiate the arbitration, Amedisys will pay for all of the arbitration costs, including the fees charged by the arbitrator (but not your own attorney's fees, should you engage an attorney). Amedisys believes disputes can generally be resolved more quickly, and less expensively, in arbitration because arbitration proceedings are less formal and are focused upon individual claims. In fact, disputes resolved through the court system can sometimes take years, whereas disputes resolved through arbitration often can

be resolved much more quickly.  In addition, parties in arbitration have more limited rights to appeal than in a lawsuit.

**What cannot be arbitrated?**  While the Dispute Resolution Agreement provides that you can arbitrate the same claims on behalf of yourself as you can in court, it does *not* allow you to bring claims on behalf of *other* employees, as with class actions.  The U.S. Supreme Court has observed that if class claims were brought in arbitration, the advantages of arbitration would be lost, making arbitration as slow and as costly as class action court proceedings, which often take years to resolve, with little benefit to the class members.

**What if I do not want to arbitrate?**  You have **30 days** from the date you acknowledged receipt of this letter and the Dispute Resolution Agreement to opt-out of the Dispute Resolution Agreement.  **You may do so by printing the Opt-Out Form (Attachment A to the Agreement), printing and signing your name, writing in the last four numbers of your Social Security Number, and sending it by U.S. Mail to Amedisys, Inc., postmarked no later than 30 days from the date you acknowledged receipt of the Dispute Resolution Agreement.**  If you opt-out in this manner within the 30-day period, you will not be required to arbitrate disputes between you and Amedisys.  However, if you do not opt-out within this period, or if you do nothing, you and Amedisys will be bound by the Dispute Resolution Agreement.  Thereafter, you must arbitrate any employment-related dispute with Amedisys that cannot be resolved informally.

**Will I be retaliated against if I choose to opt-out?**  Amedisys will not tolerate retaliation against any employee who elects to opt-out of the Dispute Resolution Agreement.  Amedisys will not notify supervisors concerning which of their employees have exercised their opt-out rights, and opt-out information will not be kept in any employee's personnel files.

**How will the Agreement affect my rights?**  The Dispute Resolution Agreement provides that you and Amedisys each waive the right to file a lawsuit in court against one another, that any disputes between you and Amedisys will be resolved before an arbitrator, and that any claim that is arbitrated must be done on behalf of you alone, and not on behalf of a class of employees.  For instance, three former employees recently filed a class action lawsuit against the Company in Bridgeport, Connecticut, called *Tomkins v. Amedisys, Inc.* (formerly, *Cook v. Amedisys, Inc.*).  A copy of the *Tomkins* lawsuit can be accessed by clicking here.  The plaintiffs are generally claiming that Amedisys did not pay for all hours worked, including overtime, which Amedisys denies.  However, if you become bound by the Dispute Resolution Agreement and want to make the same type of claim against Amedisys, you will be required to arbitrate that claim on behalf of yourself only, and you will not be able to participate in the *Tomkins* lawsuit either as a plaintiff or as a class member.

**May I consult an attorney?**  Amedisys believes the Dispute Resolution Agreement will benefit everyone.  Nevertheless, the decision to waive your right to have a court hear your dispute or your right to participate in a class action is a significant one, and you have the right to consult an attorney of your choice. The Dispute Resolution Agreement contains the contact information of the plaintiffs' attorneys for the *Tomkins* action should you like to speak to them.

If you have any questions, Amedisys has set up a toll-free Arbitration Hotline at 866-998-2460, which it encourages you to use.  Calls to the Arbitration Hotline will be handled by members of the Human Resources Department, and will be kept confidential and not shared with supervisors.

Thank you,

Martha S. Williams, PhD
Chief Human Resources Officer

# Exhibit 3

## AMEDISYS, INC. DISPUTE RESOLUTION AGREEMENT

### Please Read Carefully

This Dispute Resolution Agreement (the "Agreement") is an agreement to resolve any and all legal disputes between you ("Employee") and Amedisys before an arbitrator, rather than in court.   Any reference to "Amedisys" or "Company" in this Agreement includes reference to Amedisys, Inc., its insurance carriers, subsidiaries, affiliates, parent companies, and any related or parent organizations or entities of which it is a part, whether directly or indirectly, including without limitation Amedisys Holding, L.L.C., and each of their respective affiliates, successors, assigns, and former or current officers, directors, shareholders, employees, agents, and attorneys, and any other persons acting by, through, under or in concert with any of the persons or entities listed above, and their successors.   Under the Agreement, the parties have the same substantive rights, such as rights to proper payment of wages, or to assert claims of discrimination/harassment under state or federal law, as they would have had the case been filed and litigated in court.   However, these rights will be resolved by an arbitrator, under the procedures described below.   The Agreement below provides for resolution of disputes by either Employee or Amedisys against the other individually, and not as part of a class (*see* Section 5, below).

This Agreement contains an "opt-out" provision (*see* Section 9, below). Unless Employee opts out of the Agreement, the Agreement will govern the terms and conditions of your employment, and will require that any claim Employee may have, now or in the future, be resolved in arbitration and not in court.  The choice is up to the Employee whether he or she wishes to opt out or accept the Company's offer that Employee and the Company will be bound by this Agreement.  The Company will not tolerate retaliation against any employee who elects to opt out of this Agreement.   The Company will not notify supervisors concerning which of their employees have exercised their opt-out rights, and opt-out information will not be kept in any employee's personnel files.

## 1.  How This Arbitration Agreement Applies.

This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and evidences a transaction involving commerce.  This Agreement applies to any dispute arising out of or related to Employee's employment with Amedisys or termination of employment regardless of its date of accrual and survives after the employment relationship terminates.  Nothing contained in this Agreement shall be construed to prevent or excuse Employee or the Company from utilizing the Company's existing internal procedures for resolution of complaints, and this Agreement is not intended to be a substitute for the utilization of such procedures.

Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration, and therefore **this Agreement requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial**. Such disputes include, without limitation, disputes arising out of or relating to interpretation or application of this Agreement, but not as to the enforceability, revocability or validity of this Agreement or any portion of this Agreement. Except as it otherwise provides, this Agreement also applies, without limitation, to disputes arising out of or related to the employment relationship, trade secrets, unfair competition, compensation, breaks and rest periods, termination, discrimination or harassment and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act of 1974 (excluding any claims involving benefits funded by insurance (hereafter referred to as "Employee Benefit Claims Funded by Insurance")), Genetic Information Non-Discrimination Act, Worker Adjustment and Retraining Notification Act, and state statutes, if any, addressing the same or similar subject matters, and all other state statutory and common law claims.

## 2. Limitations On How This Agreement Applies.

This Agreement does not apply to Employee Benefit Claims Funded by Insurance or claims for workers compensation, state disability insurance and unemployment insurance benefits.

Regardless of any other terms of this Agreement, claims may be brought before and remedies awarded by an administrative agency if applicable law permits access to such an agency notwithstanding the existence of an agreement to arbitrate. Such administrative claims include without limitation claims or charges brought before the Equal Employment Opportunity Commission (www.eeoc.gov), the U.S. Department of Labor (www.dol.gov), the National Labor Relations Board (www.nlrb.gov), or the Office of Federal Contract Compliance Programs (www.dol.gov/esa/ofccp). Nothing in this Agreement shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency or to do anything else that is required to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

Disputes that may not be subject to predispute arbitration agreement as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203) are excluded from the coverage of this Agreement. Likewise, this Agreement shall not be construed to require the arbitration of any *qui tam* claims brought pursuant to the False Claims Act, 31 U.S.C. § 3729(a)(1)(A) – (G), or any whistleblower claims made to the Centers for

Medicare & Medicaid Services ("CMS") pursuant to 42 C.F.R. § 420.405, or any claims brought pursuant to the or any claims against a contractor that may not be the subject of a mandatory arbitration agreement as provided by section 8116 of the Department of Defense ("DoD") Appropriations Act for Fiscal Year 2010 (Pub. L. 111-118), section 8102 of the Department of Defense ("DoD") Appropriations Act for Fiscal Year 2011 (Pub. L. 112-10, Division A), and their implementing regulations, or any successor DoD appropriations act addressing the arbitrability of claims.

## 3.  Selecting the Arbitrator.

The parties shall select the neutral arbitrator by mutual agreement. However, if the parties are not able to mutually agree to an arbitrator, the arbitration will be held under the auspices of the American Arbitration Association ("AAA") and, except as provided in this Agreement, shall be in accordance with the Employment Arbitration Rules of the AAA ("AAA Rules") (the AAA Rules are available through the Company's Human Resources Department, by searching for "AAA Employment Arbitration Rules" using a service such as www.google.com or via the internet at www.adr.org/employment).   Unless the parties jointly agree otherwise, the Arbitrator shall be either an attorney who is experienced in employment law and licensed to practice law in the state in which the arbitration is convened, or a retired judge from any jurisdiction (the "Arbitrator").   Unless the parties jointly agree otherwise, the arbitration shall take place at a location within 45 miles of where Employee was last employed by the Company.

In the event the parties mutually choose a sponsoring organization, or AAA is designated, the Arbitrator shall be selected as follows:  The organization selected shall give each party a list of eleven (11) arbitrators drawn from its panel of arbitrators.  Each party shall have ten (10) calendar days from the postmark date on the list to strike all names on the list it deems unacceptable.  If only one common name remains on the lists of all parties, that individual shall be designated as the Arbitrator.  If more than one common name remains on the lists of all parties, the parties shall strike names alternately from the list of common names until only one remains, with the party to strike first to be determined by a coin toss.  If no common name remains on the lists of all parties, the selected organization shall furnish an additional list of eleven (11) arbitrators from which the parties shall strike alternately, with the party striking first to be determined by a coin toss, until only one name remains.  That person shall be designated as the Arbitrator.

## 4.  Starting The Arbitration.

All claims in arbitration are subject to the same statutes of limitation that would apply in court.  The party bringing the claim must demand arbitration in writing and deliver the written demand by national courier delivery service (with

evidence of delivery provided)  or certified U.S. mail, return receipt requested, to the other party within the applicable statute of limitations period.  The demand for arbitration shall include identification of the parties, a statement of the legal and factual basis of the claim(s), and a specification of the remedy sought.  Any demand for arbitration made to the Company shall be provided to the Amedisys Arbitration Program, c/o Amedisys Legal Department, 5959 S. Sherwood Forest Boulevard, Baton Rouge, Louisiana 70816.   The arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration.  A party may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, but only upon the ground that the award to which that party may be entitled may be rendered ineffectual without such provisional relief or that such relief is necessary in order to prevent the unauthorized use of patient or referral source information or confidential proprietary business information.

### 5.  How Arbitration Proceedings Are Conducted.

In arbitration, the parties will have the right to conduct adequate civil discovery, bring dispositive motions, and present witnesses and evidence as needed to present their cases and defenses, and any disputes in this regard shall be resolved by the Arbitrator.  To this end:  (1) each party shall have the right to take the deposition of one individual and any expert witness designated by another party; (2) each party also shall have the right to propound requests for production of documents to any party; (3) additional discovery may be had by mutual agreement of the parties or where the Arbitrator selected so orders pursuant to a request by either party; (4) and each party shall have the right to subpoena witnesses and documents for the arbitration, as well as documents relevant to the case from third parties.

Employee and the Company agree to bring any dispute in arbitration on an individual basis only, and not on a class, collective, or private attorney general representative action basis.  Accordingly,

(a) There will be no right or authority for any dispute to be brought, heard or arbitrated as a class action ("Class Action Waiver"). The Class Action Waiver shall not be severable from this Agreement in any case in which (1) the dispute is filed as a class action and (2) a civil court of competent jurisdiction finds the Class Action Waiver is unenforceable. In such instances, and provided the Company has not been able to overturn the findings of unenforceability through exercise of any right to appeal that may exist, the class action must be litigated in a civil court of competent jurisdiction.

(b) There will be no right or authority for any dispute to be brought, heard or arbitrated as a collective action ("Collective Action

Waiver"). The Collective Action Waiver shall not be severable from this Agreement in any case in which (1) the dispute is filed as a collective action and (2) a civil court of competent jurisdiction finds the Collective Action Waiver is unenforceable. In such instances, and provided the Company has not been able to overturn the findings of unenforceability through exercise of any right to appeal that may exist, the collective action must be litigated in a civil court of competent jurisdiction.

(c)   There will be no right or authority for any dispute to be brought, heard or arbitrated as a private attorney general representative action ("Private Attorney General Waiver").  The Private Attorney General Waiver shall be severable from this Agreement in any case in which a civil court of competent jurisdiction finds the Private Attorney General Waiver is unenforceable. In such instances, and provided the Company has not been able to overturn the findings of unenforceability through exercise of any right to appeal that may exist, the Private Attorney General action must be litigated in a civil court of competent jurisdiction.

Although an Employee will not be retaliated against, disciplined or threatened with discipline as a result of his or her exercising his or her rights under Section 7 of the National Labor Relations Act by the filing of or participation in a class, collective or representative action in any forum, the Company may lawfully seek enforcement of this Agreement and the Class Action Waiver, Collective Action Waiver and Private Attorney General Waiver under the Federal Arbitration Act and seek dismissal of such class, collective or representative actions or claims.

Notwithstanding any other clause or language contained in this Agreement and/or any rules or procedures that might otherwise be applicable by virtue of this Agreement or by virtue of any arbitration organization rules or procedures that now apply or any amendments and/or modifications to those rules, any claim that the Class Action Waiver or Collective Action Waiver or Private Attorney General Waiver, or any portion of the Class Action Waiver or Collective Action Waiver or Private Attorney General Waiver, is unenforceable, inapplicable, unconscionable, or void or voidable, shall be determined only by a court of competent jurisdiction and not by an arbitrator.

The Class Action Waiver, Collective Action Waiver and Private Attorney General Waiver shall be severable in any case in which the dispute is filed as an individual action and severance is necessary to ensure that the individual action proceeds in arbitration.

**6.  Paying For The Arbitration.**

Each party will pay the fees for his, her or its own attorneys, subject to any remedies to which that party may later be entitled under applicable law. However, subject to applicable law, the Company will pay the Arbitrator's and arbitration fees in accordance with the AAA Rules, and Employee will be responsible for any fee required by the AAA Rules to be paid by the Employee; any disputes in this regard will be resolved by the Arbitrator.

**7.  The Arbitration Hearing And Award.**

The parties will arbitrate their dispute before the Arbitrator, who shall confer with the parties regarding the conduct of the hearing and resolve any disputes the parties may have in that regard.  Within 30 days of the close of the arbitration hearing, any party will have the right to prepare, serve on the other party and file with the Arbitrator a brief.   The Arbitrator shall follow the applicable substantive law in adjudicating a party's claims.   Accordingly, the Arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies shall be limited to those that would be available to a party in his or her individual capacity in a court of law for the claims presented to and decided by the Arbitrator, and no remedies that otherwise would be available to an individual in a court of law will be forfeited by virtue of this Agreement.  The Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law.  Except as required by law or the rules of any applicable securities exchange, neither a party nor an Arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of all parties.  A court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration.

**8.  Participation In The *Tomkins* Action.**

If, as of the effective date of this Agreement, Employee is a named plaintiff, or has joined as a plaintiff, in *Tomkins v. Amedisys, Inc.* (formerly, *Cook v. Amedisys, Inc.*), filed July 25, 2012, U.S. District Court for the District of Connecticut, Case No. 3:12-cv-01082 WWE ("*Tomkins* Action"), this Agreement shall not apply to Employee with respect to the *Tomkins* Action.  If Employee is not a named plaintiff, has not joined as a plaintiff or is not part of a certified class in the *Tomkins* Action, but would like to potentially participate in the *Tomkins* Action as a class member or plaintiff, Employee may opt out of this Agreement by following the procedure set forth in Section 9, below.   By not opting out of this Agreement, however, Employee will be giving up the right to represent others in litigation and the right to participate in any class, collective or representative action in a court of law, including, without limitation, the *Tomkins* Action.  If Employee chooses not to opt out of this Agreement, Employee will be

able to arbitrate whatever individual claims Employee has against Company, including the same types of claims as those being litigated in the *Tomkins* Action, by filing an individual arbitration claim in the manner provided in this Agreement.

## 9.  An Employee's Right To Opt Out Of The Arbitration Agreement.

**Arbitration is not a mandatory condition of Employee's employment at the Company, and therefore an Employee may submit a form stating that the Employee wishes to opt out and not be subject to this Agreement.**  If Employee does not want to be subject to this Agreement, Employee may opt out of this Agreement by printing out Attachment A to the Agreement ("Dispute Resolution Agreement Opt-Out Form"), printing and signing Employee's name, writing in the last four numbers of Employee's Social Security Number, and sending it by U.S. Mail to Amedisys, Inc., c/o Frank Redmond, 5959 S. Sherwood Forest Boulevard, Baton Rouge, Louisiana 70816.  In order to be effective, the Opt-Out Form must be postmarked within 30 days of Employee's acknowledgement of receipt of this Agreement.  Any employee's decision to opt out will not be communicated to the employee's supervisor and will be kept by Human Resources in a file separate from the employee's personnel file.  Should Employee fail to opt out of this Agreement within the 30-day period in the manner provided above, Employee's continuation of his or her employment with Company shall constitute Employee's and Company's mutual acceptance of the terms of this Agreement.

## 10.  No Retaliation.

It is against Company policy for any Employee to be subject to retaliation if he or she exercises his or her right to assert claims under this Agreement or to opt out of this Agreement.  If any Employee believes that he or she has been retaliated against by anyone at the Company, the Employee should immediately report this to the Human Resources Department.

## 11.  Right To Consult With An Attorney.

Employee has the right to consult with private counsel of Employee's choice with respect to any aspect of, or any claim that may be subject to, this Agreement.  If Employee has retained counsel with respect to any claim that may be subject to this Agreement, Employee should consult that counsel.  If Employee wishes to consult with the Plaintiffs' attorneys in the *Tomkins* Action (formerly, the *Cook* Action), the telephone number of Cohen Milstein Sellers & Toll PLLC is 202-408-4600.

## 12.  Enforcement Of This Agreement.

This Agreement is effective immediately, subject to Employee opting out of the Agreement within 30 days, in accordance with Section 9, above.  This

Agreement is the full and complete agreement relating to the formal resolution of disputes covered by this Agreement, and it supersedes any prior arbitration agreement between Employee and the Company. Except as stated in Section 5, above, in the event any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable.  If the Class Action Waiver, Collective Action Waiver or Private Attorney General Waiver is deemed to be unenforceable, the Company and Employee agree that this Agreement is otherwise silent as to any party's ability to bring a class, collective or representative action in arbitration.

**ATTACHMENT A**

**DISPUTE RESOLUTION AGREEMENT**

**OPT-OUT FORM**

I hereby certify that I have read the Company's Dispute Resolution Agreement and that I do not want be bound by it.

**I understand that in order for this Opt-Out Form to be effective, it must be completed and sent to** Amedisys, Inc., c/o Frank Redmond, 5959 S. Sherwood Forest Boulevard, Baton Rouge, Louisiana 70816 **by U.S. Mail postmarked no later than 30 days from the date I acknowledged receipt of the Dispute Resolution Agreement.**

Please date, sign and print your name, and write in the last four numbers of your Social Security Number.

Date: _____

_____
Employee Signature

_____
Print Employee's Name

_____
Print Last Four Numbers of Employee's
Social Security Number

Exhibit 4

# Amedisys Arbitration Program – Frequently Asked Questions

**1.      Introduction.**

Amedisys has adopted a Company-wide policy, called the "Amedisys Arbitration Program," that requires most employment-related disputes to be resolved through arbitration, as provided in the "Dispute Resolution Agreement."  This memorandum provides answers to a number of questions you may have in connection with the Dispute Resolution Agreement.  The answers below constitute the Company's understanding of the Dispute Resolution Agreement. Amedisys cannot provide legal advice to you and recommends that you consult with your own attorney to answer any legal questions you may have.

**2.      General Questions About Arbitration.**

- **What is arbitration?**

  Arbitration is a process in which people agree to have a neutral arbitrator of their own choosing to decide the dispute they have.  Arbitration is normally less formal than court litigation, and it can normally be scheduled so that the claim is heard more quickly than if the claim were filed in court.

- **Can we pick anyone to be the arbitrator?**

  The Company's Dispute Resolution Agreement provides that the parties will select a neutral arbitrator by mutual agreement.  If the parties are not able to agree, then the arbitrator selection process will be administered by the American Arbitration Association ("AAA").  The Agreement also provides that, unless you and the Company agree otherwise, the arbitrator will be an attorney licensed to practice where the arbitration proceeding will be conducted or a retired federal or state judicial officer who presided where the arbitration will be conducted.

- **How can I get a copy of the American Arbitration Association Rules?**

  The AAA Rules are available through the Human Resources Department, or by searching for "AAA Employment Arbitration Rules" using Google, or through the website www.adr.org/employment.

- **Is the arbitration free?**

  The Company's Dispute Resolution Agreement provides that the Company will pay for the costs of the arbitration pursuant to the AAA Rules, except for any filing fee required to be paid by Employee under those Rules.  This means that, except for a $200 filing fee to initiate the arbitration (Amedisys pays the remainder of the total filing fee – currently $1,350), the Company will pay, subject to applicable law, for the costs of the arbitration, including the fees charged by the Arbitrator.

- **Where will the arbitration be held?**

  The Company's Dispute Resolution Agreement provides that the arbitration proceeding must be held no more than 45 miles from the place where you last worked for the Company, unless you and the Company agree in writing to hold it somewhere else.

- **How will I be able to prove my case?**

  The Company's Dispute Resolution Agreement provides that the parties will have the right to conduct enough discovery – as if they were in court – to present their cases and defenses, and any disputes in this regard will be resolved by the Arbitrator.

- **How will I be able to make an arbitration demand?**

  The Company's Dispute Resolution Agreement provides that a "demand for arbitration must be in writing and delivered by hand or first class mail to the other Party within the applicable statute of limitations period," and that "[a]ny demand for arbitration made to Company shall be sent to the Amedisys Arbitration Program, c/o Amedisys Legal Department at 5959 S. Sherwood Forest Boulevard, Baton Rouge, Louisiana 70816."

- **Do I need a lawyer to arbitrate my claim?**

  Just as with court litigation, there is no requirement that you have a lawyer to arbitrate your claim.  It is entirely up to you.

- **If I use a lawyer, how will my lawyer be paid?**

  If you choose to use a lawyer to help you arbitrate your claim, you will be responsible for paying the fees of that lawyer.  However, in some cases, the law permits you to shift the burden of paying those legal fees to the Company should you prevail in the arbitration, and the Dispute Resolution Agreement does not change that result.  In addition, the AAA rules provide the Arbitrator the ability to award you legal fees as part of the arbitration, should he or she deem that appropriate.

- **Is arbitration better for me than litigation?**

  The Company believes that arbitration would be a better way to resolve disputes than filing court actions, and it hopes that its employees agree.  However, some prefer litigation to arbitration.  As to whether arbitration would be best for you in particular, we are not qualified to say.  To answer that question, you would need to consult your own attorney.

3.    **Questions About Which Claims And Remedies Are Covered By The Agreement.**

- **What disputes are covered by the Dispute Resolution Agreement?**

   The Company's Dispute Resolution Agreement provides that it "applies to any dispute arising out of or related to Employee's employment with, or termination of employment from, the Company."  The Agreement also provides that, unless it provides otherwise, it "is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law."  This means that if you agree to arbitration, both you and the Company, with just a few exceptions, must arbitrate any claim that arises out of your employment relationship with the Company.

- **What disputes are not covered by the Dispute Resolution Agreement?**

   The Company's Dispute Resolution Agreement lists specifically what is covered and what is not covered.  The Agreement also provides that you can only bring claims on behalf of yourself and not on behalf of others.  In other words, you cannot bring a class or representative action in arbitration.

- **What if the Company wants to sue me – can it go to court?**

   No.  Both sides are bound by the Agreement to arbitrate their disputes with one another.  However, the Agreement does provide that if an employee is disclosing patient or referral source information or proprietary information, it can get a court order to stop that from happening.

- **Can the arbitrator award the same types of damages as I would be able to get in court?**

   The Company's Dispute Resolution Agreement provides that "[t]he Arbitrator may award any Party any remedy to which that Party is entitled under applicable law."  However, because the Agreement provides that you ***cannot*** bring class or representative actions, the Arbitrator would only be able to award you the same type of relief that you would be entitled in court if you brought a claim in your individual capacity – not on behalf of a class.

4.    **Questions About Waiving The Right To A Jury Trial.**

- **If I agree to arbitration, do I waive my right to a jury trial?**

   Yes.   The Company's Dispute Resolution Agreement provides that disputes arising under the Agreement are "to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial."

- **If I agree to arbitration, can I decide which claims will go to arbitration and which claims I will file in court?**

   No.  The Company's Dispute Resolution Agreement provides that the "Agreement applies to any dispute arising out of or related to Employee's employment with,

or termination of employment from, the Company."   The Agreement also provides that, unless it provides otherwise, it "is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law."  This means that if you agree to arbitration, both you and the Company, with just a few exceptions, must arbitrate any claim that arises out of the employment relationship.

- **If I agree to arbitration, but decide I don't like it, can I still go to court?**

  No.  The Company's Dispute Resolution Agreement provides that the Agreement "requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial."  This means that once you have agreed to arbitration, unless both parties agree, you cannot change your mind and go to court.

- **Why do I have to waive my right to a jury trial if I agree to arbitration?**

  One of the reasons arbitration can cost less than a jury trial is that the proceedings for a jury trial are normally more expensive than arbitration proceedings.  If one of the parties could unilaterally decide to go to court instead of arbitration, the cost savings of an arbitration program would be lost.

- **Can I still have a jury hear my claims in the arbitration?**

  No.  The Company's Dispute Resolution Agreement provides that, by agreeing to arbitration, you waive your right to a court or jury trial.  The Agreement provides for the selection of a single arbitrator.

5.    **Questions About Waiving Class Actions.**

- **I noticed that the Agreement does not allow for the arbitration of class actions.  Does that mean I can still file a class action in court?**

  No.  The Company's Dispute Resolution Agreement provides, with some limited exceptions, that the Agreement covers all disputes arising out of your employment with the Company.   This means that you cannot litigate any employment claim in court, either as a class action or as a single claim.

- **You told me that some former employees have filed a class action against the Company.  If I agree to arbitration, can I still join that class action?**

  No.  The Company's Dispute Resolution Agreement provides that you cannot join a class action against the Company.  However, under the Agreement, if you think that you have the same type of claim against the Company as the plaintiffs in any class action against the Company, you can arbitrate that claim against the Company, but only on behalf of yourself.

- **What are the claims being brought in the class action?**

  The cover memo to the Company's Dispute Resolution Agreement briefly discusses the nature of the litigation. You can also access the complaint filed in the case by clicking on the link provided in the cover letter to the Dispute Resolution Agreement.

- **Why do I have to give up my right to participate in a class action if I agree to arbitration?**

  The benefits of arbitration are that the process is less formal, and often more efficient and less costly than litigation in court. These benefits are lost in a class action, regardless of whether it is a court class action or an arbitration class action. The Agreement therefore provides that only individual claims can be arbitrated.

- **Aren't class actions better for employees?**

  The Company believes that if an employee has a dispute that cannot be resolved informally, arbitration is generally easier, more efficient, quicker, and less costly than court litigation. However, some prefer class action litigation to arbitration. As to whether a class action of a particular claim would benefit you more than arbitration, we are not qualified to say. Such a question can only be answered by your own attorney.

- **If I agree to arbitration, will this have any effect on my participation in the existing class action against the Company?**

  Yes. If you agree to arbitration, you cannot be a member of any class that might be certified in a class action against the Company. However, if you believe you have claims similar to those of the plaintiffs in a class action, you would be able to arbitrate those claims.

6.   **Questions About Limited Rights To Appeal In Arbitration.**

- **Can I appeal an arbitrator's decision?**

  The Company's Dispute Resolution Agreement provides that it is governed by the Federal Arbitration Act ("FAA"). Under the FAA, your right to appeal an arbitrator's decision is more limited than your right to appeal a court judgment. However, you would have to consult an attorney as to the specific differences.

- **Why do I have to limit my rights to appeal if I agree to arbitration?**

  The losing party's ability to appeal a decision is another reason that court litigation can be expensive. Arbitration, by being informal, and with limited appellate rights, can often resolve a dispute more quickly and for less cost. To do this, however, both sides must agree to limit or waive some of the rights they

would otherwise have in court litigation.  This is why the right to appeal is limited in arbitration.

7.   **Questions About Opting Out Of The Agreement.**

- **How do I opt out of the Company's Dispute Resolution Agreement?**

  You must print and sign your name on the Opt-Out Form, which is Attachment A to the Agreement, write in the last four digits of your Social Security Number, and then send it by U.S. Mail to Frank Redmond at Amedisys' Human Resources Department, located at 5959 S. Sherwood Forest Boulevard, Baton Rouge, Louisiana 70816, which must be postmarked within 30 days of acknowledging receipt of the Agreement.

- **What happens if I opt out of the Company's Dispute Resolution Agreement?**

  In that case, you would not be subject to the Dispute Resolution Agreement, and you would retain the same legal rights to have your case heard in court, and to participate in class and collective actions, that you currently have.  The choice is entirely yours.   The Company's Dispute Resolution Agreement specifically provides that the Company will not tolerate any retaliation based on an employee opting out of the Agreement.

- **Why do I have to opt out of the Dispute Resolution Agreement — I never signed it?**

  The Company has the right to adopt an arbitration policy.  However, because it is a new policy, which does affect employees' rights, it is allowing employees to decide whether they would rather stay with court litigation rather than arbitration.

Exhibit 5

| | |
|---|---|
| **From:** | Martha.Williams@amedisys.com |
| **Subject:** | Second Notice – Important Policy Change – Must Read |
| **Date:** | Tuesday, August 13, 2013 10:48:40 AM |

This e-mail contains important time-sensitive materials about the new Amedisys Arbitration Program that the Company requires that you read as they affect your legal rights. Please click here to receive them.

**Please Note:** The link above will bring you to the Amedisys Arbitration Program Acknowledgement Form. When you click the 'Acknowledge' button on this Form, you will be directed to a webpage and given access to all of the Amedisys Arbitration Program materials, which include the Cover Letter, the Dispute Resolution Agreement, and the FAQs. The Acknowledgment Form is for you to confirm that you are being provided access to the Amedisys Arbitration Program materials and that you understand that you are required to review these materials. Please understand that all employees are required to complete the Acknowledgement Form.

Exhibit 6

| | |
|---|---|
| **From:** | Martha.Williams@amedisys.com |
| **Subject:** | Third Notice – Important Policy Change – Must Read |
| **Date:** | Tuesday, August 20, 2013 12:18:18 PM |

This e-mail contains important time-sensitive materials about the new Amedisys Arbitration Program that the Company requires that you read as they affect your legal rights. Please click here to receive them.

**Please Note:** The link above will bring you to the Amedisys Arbitration Program Acknowledgement Form. When you click the 'Acknowledge' button on this Form, you will be directed to a webpage and given access to all of the Amedisys Arbitration Program materials, which include the Cover Letter, the Dispute Resolution Agreement, and the FAQs. The Acknowledgment Form is for you to confirm that you are being provided access to the Amedisys Arbitration Program materials and that you understand that you are required to review these materials. Please understand that all employees are required to complete the Acknowledgement Form.