IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SCOTT TOMKINS, JOSEPH G. HUSK, and ELIZABETH LEUNG, on behalf of themselves and others similarly situated, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | Civil Action No. 3:12-cv-01082 (WWE) |
| v. | ) ) | September 3, 2013 |
| AMEDISYS, INC. | ) ) | |
| *Defendant*. | ) ) ) | |

**PLAINTIFFS' SUBMISSION OF PROPOSED ORDER AND PROPOSED CORRECTIVE NOTICE REGARDING PLAINTIFFS' EMERGENCY MOTION FOR A PROTECTIVE ORDER**

On August 29, 2013 this Court held a hearing on Plaintiffs' Emergency Motion for a Protective Order (Dkt. 106).  At the conclusion of the hearing, the Court granted Plaintiffs' motion and reviewed Plaintiffs' proposed order, indicating areas where changes should be made, and directed the parties to confer regarding finalizing that Order and a corrective notice, and submit those papers to the Court.  The parties conferred following the hearing on August 29, exchanged emails over the weekend, and spoke again on September 3, 2013.  However, the parties were unable to reach agreement.  Thus, Plaintiffs submit their proposed Order and Corrective Notice, attached hereto as Exs. 1 and 2.

Plaintiffs' proposed order is based closely on the order issued in *Williams v. Securitas*, No. 10-7181 (E.D. Pa. July 13, 2011), attached hereto as Ex. 3.  It incorporates the changes directed by the Court at the hearing last week.  Moreover, to address Amedisys' concern that the

1

proposed order might be read as invalidating the arbitration agreement in its entirety, Plaintiffs' proposed order adds the following clarifying language: "This ruling, however, does not preclude Amedisys from implementing the Dispute Resolution Agreement with respect to any disputes arising outside of this lawsuit."  While the proposed order already clearly limited its impact to the pending litigation, the additional language should alleviate any remaining concern.

Defendant's mass communications to all putative class members who are current employees and imposition of an arbitration agreement with time-limited opt-out rights premised on those communications has substantially impacted the fairness of the notice process that is intended to be under Court supervision.  The proposed Corrective Notice is designed merely to counter-balance the prior communications, and restore neutrality.

Plaintiffs' motion for notice to issue to the class is fully briefed and currently pending before the Court.  Once the Court rules on the pending motion, if the Court denies notice, then the proposed order barring application of the arbitration agreement to preclude participation in this lawsuit would be of no effect, as no one would be permitted to participate, and the arbitration agreement applies to all actions outside of this lawsuit.  If the Court grants notice, then proper, court-approved notice would issue and give class members the choice to join this litigation.  After the conclusion of the time established in the notice to join this litigation, any other claims could be governed by the arbitration agreement.  Employees would not be precluded from choosing to submit their claims instead to individual arbitration if they so prefer.

Rather than Corrective Notice from the Court which identifies and alleviates the errors and omissions in Defendant's prior, unauthorized communications and allows employees to participate in this action notwithstanding Defendant's improper communications implementing an arbitration policy, Amedisys proposes to simply re-issue communications that it previously

issued in a slightly revised form that omits or corrects a handful of mis-leading statements.  This proposal is inconsistent with the Court's direction at the hearing, and wholly inadequate to address the problems identified by Plaintiffs.  First, the changes proposed address only the specific mis-statements identified by Plaintiffs, but do not address the one-sided nature of the communication, nor the fact that the communications were made without court approval. Second, in order to address the problem created by the original, improper communications, a more neutral notice, from the Court, which identifies the problems with the original communication, is needed to restore some balance and neutrality to the process.  Defendant's proposed "corrected" communications simply omit some of the previously made misleading statements, such as Amedisys' suggestion that the Supreme Court finds class actions to offer little benefit to class members.  But deletion of these statements from the new communications is ineffective to undo the harm they have caused; Amedisys has already poisoned the well by presenting a one-sided prospective on the value of arbitration versus class litigation and cannot simply start fresh now.

Third, the reissuance of a slightly altered arbitration agreement and related cover letter and FAQs will primarily serve to confuse the process, as non-legally trained employees would be left to compare the two documents to identify the corrections and would be left uncertain as to whether: (a) employees who had previously opted out of the arbitration agreement would need to do so again upon its recirculation, and (b) employees who had previously failed to opt-out within thirty days were already bound by the recirculated agreement or had an additional opportunity to opt-out anew.  In short, Defendant's proposal would compound the confusion stemming from its former improper communications without correcting for the likely consequences of those communications.

Finally, Defendant's proposed order seeks to impose restrictions on Plaintiffs' counsel's communications with putative class members.  Such restrictions were neither ordered by the Court at the hearing, nor supported by the evidence in the record.  Indeed, such restrictions are wholly inconsistent with the need to have counsel available to answer questions from putative class members.

Respectfully submitted this 3rd day of September, 2013.

BY:  */s/ Christine E. Webber*
Christine E. Webber (# 439368)

COHEN MILSTEIN SELLERS & TOLL PLLC
Christine E. Webber (# 439368)
Abigail E. Shafroth (# 1003646)
1100 New York Avenue, Suite 500 West
Washington, DC 20005
T:  (202) 408-4600
F:  (202) 408-4699
cwebber@cohenmilstein.com
ashafroth@cohenmilstein.com


THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC
Gilda Adriana Hernandez (NCSB #36812)
315 S. Salem Street, Suite 310
Apex, NC 27502
T: 919.741.8693
F: 919.869.1853
ghernandez@gildahernandez.com


HAYBER LAW FIRM, LLC
Richard E. Hayber (# ct11629)
221 Main Street
Hartford, CT  06106
T: (860) 522-8888
F: (860) 218-9555
rhayber@hayberlawfirm.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2013, a copy of the foregoing was electronically filed.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's CM/ECF system.

BY: _/s/Christine E. Webber_
Christine E. Webber (# 439368)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, NW, Suite 500 West
Washington, DC  20005
T:  (202) 408-4600
F:  (202) 408-4699
cwebber@cohenmilstein.com