# Exhibit 2

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

---

SCOTT TOMKINS, JOSEPH G. HUSK,
and ELIZABETH LEUNG, on behalf of
themselves and others similarly situated,

                Plaintiffs,

v.

AMEDISYS, INC.,

                Defendant.

No. 3:12-cv-01082 (WWE)

**NOTICE OF PENDING LAWSUIT**

---

**TO:**  ALL CURRENT AMEDISYS EMPLOYEES WHO WORK AS REGISTERED NURSES, PHYSICAL THERAPISTS, OCCUPATIONAL THERAPISTS, OR SPEECH LANGUAGE PATHOLIGISTS IN THE HOME HEALTH DIVISION AND WHO ARE PAID ON AN HOURLY AND PER VISIT BASIS

**RE:**  WAGE AND HOUR LAWSUIT FILED AGAINST AMEDISYS

**OFFICIAL NOTICE BY THE U.S. DISTRICT COURT TO ALL CLINICIANS EMPLOYED BY AMEDISYS ON A PER VISIT BASIS**

On August 6, 2013, and in follow up emails thereafter, Amedisys emailed current employees a notice regarding an arbitration program it was adopting, and addressing the impact it expected the arbitration agreement to have on the pending lawsuit of *Tomkins, et al. v. Amedisys*. That notice was not authorized by the Court, and failed to disclose the following:

1. The case of *Tomkins v. Amedisys*, pending before the U.S. District Court for the District of Connecticut seeks to represent a class of registered nurses, physical therapists, occupational therapists and speech language pathologists ("clinicians") who have worked for Amedisys and been paid on a per visit and hourly basis at any time after September 24, 2009.

2. Plaintiffs in the *Tomkins* case claim that Amedisys has violated the Fair Labor Standards Act ("FLSA") by not compensating Clinicians for hours worked in excess of 40 per week, where those individuals were paid on a per visit and hourly basis. Plaintiffs contend that Clinicians paid on this basis are not exempt from the overtime requirements of the FLSA, and, thus, should be paid overtime at a rate of time and one half for all hours worked in excess of 40 per week. Plaintiffs further claim that even after Amedisys acknowledged Clinicians were eligible for overtime, that it did not calculate overtime correctly, because it did not consider *all* hours worked, and did not pay at time-and-a-half for all hours over 40 per week. Defendant denies these allegations and contends it has paid employees properly. The Court has not yet made any determination as to the merits of these allegations.

1773124.1

3. Plaintiffs seek to recover all compensation for such overtime to which they are entitled under the FLSA, including overtime pay.  In addition, Plaintiffs are seeking double damages, interest, the costs of the suit, and attorneys' fees.

4. Plaintiffs have asked the Court to grant preliminary certification of a collective action and to issue official notice to potential class members, notifying them of their right to opt-in to the *Tomkins* case.  The Court has made no determination as to whether a class will be certified.

5. The Plaintiffs and the potential class are represented by

| | |
|---|---|
| Gilda A. Hernandez<br>The Law Offices of Gilda A. Hernandez, PLLC<br>315 S. Salem Street, Suite 310<br>Apex, NC  27502<br>(919) 741-8693<br>ghernandez@gildahernandezlaw.com | Christine E. Webber<br>Abigail E. Shafroth<br>Cohen Milstein Sellers & Toll PLLC<br>1100 New York Ave., NW suite 500<br>Washington, DC  20005<br>(202) 408-4600<br>cwebber@cohenmilstein.com |

Richard E. Hayber
Hayber Law Firm, LLC
221 Main Street
Hartford, CT  06106
(860) 522-8888
rhayber@hayberlawfirm.com

6. In its prior communications with you regarding the arbitration agreement, Amedisys sought to impose an agreement that would affect your ability to be part of this class action without adequately describing the nature and scope of the action and before the Court decided whether the case should proceed on a class basis and whether you should be sent official, Court-approved notice of the action and the opportunity to participate in it.  **Therefore, the Court has determined that if a class is certified in the *Tomkins* lawsuit, you and other employees will be able to participate as members of the class if you so choose, notwithstanding the fact that you may have failed to timely opt-out of the arbitration agreement.**  This ruling does not limit the applicability of the arbitration agreement with respect to any other claims or lawsuits.  The Court has further prohibited Amedisys from communicating with potential class members about the subject matter of this lawsuit without approval of the Court.

7. The communications from Amedisys also presented a one-sided view of the benefits of arbitration and disadvantages of litigation.  Many people view the matter differently.  For example, plaintiffs' attorneys argue that litigation is superior to arbitration because it provides more formal discovery, which plaintiffs usually need to prove their claims, since they do not have the same access to documents and witnesses typically available to the employer.  Plaintiffs' attorneys also argue that employees benefit from the availability of class actions in litigation, because (a) class litigation provides greater efficiency,

eliminating the need to address the same dispute individually over and over again; (b) class litigation permits resolution of common disputes without burdening every affected employee with the need to come forward and litigate and be subject to deposition and/or written discovery; (c) attorneys are more willing to undertake class litigation on a contingency basis because it groups a large number of claims together for efficient resolution, whereas with individual arbitration, attorneys are likely to request payment on an hourly basis, placing a substantial and sometimes insurmountable financial burden on employees.

8. If you desire further information regarding the pending class action law suit, or specifically the differences between arbitration and litigation, you are urged to contact one of the lawyers for the Plaintiffs listed above in paragraph 5.

9. The law prohibits retaliation against employees for exercising their rights under the FLSA. Therefore, Amedisys is specifically prohibited from discharging you or retaliating against you in any other manner just because you choose to participate in this action, or take other action to enforce your FLSA rights.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE FEDERAL DISTRICT COURT, THE HONORABLE JUDGE WARREN W. EGINTON, UNITED STATES DISTRICT JUDGE. THE COURT TAKES NO POSITION REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR DEFENDANT'S DEFENSES.**

**DO NOT CONTACT THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: _____        _____
                                          Warren W. Eginton
                                          United States District Judge