UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JULIE COOK, SCOTT TOMKINS, and JOSEPH G. HUSK, on behalf of themselves and others similarly situated, : : : : : | |
| Plaintiffs, : | 3:12cv1082 (WWE) |
| v. : : | |
| AMEDISYS, INC., : | |
| Defendant. : | |

## RULING ON MOTION FOR EQUITABLE TOLLING OF STATUTE OF LIMITATIONS

This is a putative class and collective action case brought pursuant to the Fair Labor Standards Act ("FLSA") arising from use of "pay-per-visit" compensation for some of defendant Amedisys, Inc.'s home health clinicians. On September 24, 2012, plaintiffs filed a motion to issue notice of the action to the putative class members. However, the Court has yet to rule on this motion, which is only recently fully briefed.

Plaintiffs have moved for equitable tolling of statute of limitations for the period since the filing of the notice motion to ensure that the class claims are not impaired by the delay in ruling on the notice motion.

In FLSA collective actions, the district court has broad discretion to grant certification, allow discovery and regulate notice. Cardenas v. AAA Carting, 2013 WL 4038593, *1 (S.D.N.Y. Aug. 9, 2013). The doctrine of equitable tolling is "read into every federal statute of limitations." Holmberg v. Ambrecht, 327 U.S. 392, 397 (1946). The district court retains the discretion to toll equitably the statute of limitations in order to avoid "inequitable circumstances." Glatt v. Fox Searchlight Pictures Inc., 2013 WL

1

4834428, *2 (S.D.N.Y. Aug. 26, 2013).

Plaintiffs in this representative action have standing to seek equitable tolling on behalf of class members or potential opt-in plaintiffs. See Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 170-71 (1989). In fact, equitable tolling is frequently invoked in the context of FLSA collective actions to avoid prejudice to actual or potential opt-in plaintiffs during the pendency of Court's issuance of notice or the pendency of a certification motion. See Mendoza v. Ashiya Sushi 5, Inc., 2013 WL 5211839, *10 (S.D.N.Y. Sept. 16. 2013) (citing cases). Delay caused by the time required for a court decision has been considered an "extraordinary circumstance" that justifies application of the equitable tolling doctrine. Glatt, 2013 WL 4834428 at *2.

In this case, the Court finds that equitable tolling is justified based on plaintiffs' diligence in filing the motion for notice and the delay that is not attributable to plaintiffs' conduct.

Accordingly, the Court will exercise its discretion to toll the statute of limitations from the date on which plaintiffs initially filed their motion for notice, September 24, 2012 through 90 days after the notice is actually issued.

**CONCLUSION**

For the foregoing reasons, the motion for equitable tolling is GRANTED [doc. #105].

The statute of limitations is tolled from September 24, 2012 through 90 days after notice is actually issued.


Dated this _8th____ day of October, 2013 at Bridgeport, Connecticut.


_____/s/_____
Warren W. Eginton
Senior U.S. District Judge