UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCOTT TOMKINS, JOSEPH G. HUSK and ELIZABETH LEUNG, on behalf of themselves and others similarly situated,  :<br>    Plaintiffs,    : <br>    :<br>v.    :    3:12-cv-01082-WWE<br>    :<br>AMEDISYS, INC.,    :<br>    Defendant    : | |

## <u>MEMORANDUM OF DECISION ON PLAINTIFFS' EMERGENCY MOTION FOR PROTECTIVE ORDER AND ADDITIONAL RELIEF</u>

On July 25, 2012, plaintiffs brought this putative class action against their employer, Amedisys, Inc., individually and on behalf of other similarly situated employees, pursuant to the Fair Labor Standards Act and Federal Rule of Civil Procedure 23.

The members of the putative collective action include all persons employed full-time by Amedisys as registered nurses, physical therapists, occupational therapists, and speech language pathologists in the home health division during the preceding three years who were paid on a per visit and hourly basis. Plaintiffs filed a motion for conditional certification [Doc. #97] pursuant to 29 U.S.C. § 216(b) on July 10, 2013.

On August 22, 2013, plaintiffs filed an emergency motion for protective order [Doc. #106] and additional relief with a supporting memorandum. Plaintiffs filed their motion after Amedisys emailed its employees with a link to documents indicating that they would be bound by a new arbitration agreement policy precluding participation in class and collective actions, including the instant action, unless they affirmatively opted out of the agreement within 30 days. The document, entitled "Dispute Resolution Agreement" ("Agreement"), purports to be effective without a signature or other affirmative signal of consent from class members:

If Employee is not a named plaintiff, has not joined as a plaintiff, or is not

>part of a conditionally or certified class in the *Tomkins* Action, but would like to potentially participate in the *Tomkins* Action as a class member or plaintiff, Employee may opt out of this agreement by following the procedure set forth in Section 9 below. By not opting out of this Agreement, however, Employee will be giving up the right to represent others in litigation and the right to participate in any class, collective, or representative action in a court of law, including, without limitation, the *Tomkins* action . . .

The imposition of the Agreement without any signature or affirmative indication of consent from the employee is particularly troublesome because employees were required to "acknowledge" the Arbitration Program before they had access to the specific materials. Moreover, plaintiffs contend that the Agreement is vague, confusing, and written in legalistic language. While the Agreement identifies this case by name, it does not contain any other information about the case. It would not allow one of defendant's employees to determine whether he or she is similarly situated to the named plaintiffs and should join the action, or if he or she would be forfeiting any rights or benefits incident to this suit by failing to opt-out of the Agreement. Finally, Amedisys sent the purported arbitration agreements to represented opt-in plaintiffs and putative class members seeking to release their right to pursue claims as a class in this and other lawsuits without any notice to plaintiffs' counsel or the Court.

Plaintiffs request that the Court enter an order invalidating the arbitration release with respect to this case, prohibiting Amedisys from communicating with opt-in plaintiffs and putative class members about the subject matter of this litigation without permission from the Court, directing Amedisys to provide names, addresses and telephone numbers of all putative class members who were sent the purported arbitration agreements, authorizing plaintiffs to issue a corrective notice at Amedisys' expense, and directing Amedisys to provide plaintiffs with all materials sent to or received from opt-in plaintiffs and putative class members.

Amedisys filed an opposition [Doc. #110] to the motion on August 28, 2013. Amedisys

argues that its arbitration program fully complies with the Federal Arbitration Act and is supported by a "liberal federal policy favoring arbitration agreements." CompuCredit Corp. v. Greenwood, 132 S. Ct. 665, 669 (2012).

Amedisys acknowledges that the Court has the responsibility to assure that putative members of a class are protected from coercive or misleading statements but argues that no such conduct occurred by its actions in this case.

The Court held a hearing on August 29, 2013, during which counsel for both parties argued the positions set forth in their briefs. At the conclusion of the hearing, the Court ordered the parties to submit a proposed order and corrective notice. Both parties have done so.

After considering the parties' arguments and reviewing the purported Agreement at issue, the Court finds that the language of the Agreement when read as a whole may be confusing, misleading, and one-sided. Moreover, the Court is troubled that defendant unilaterally issued a self-executing arbitration agreement that substantively affects the rights of putative members in this litigation.

The United States Supreme Court has "recognized that a trial court has a substantial interest in communications that are mailed for single actions involving multiple parties." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 171 (1989). "Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and the parties." Id. (internal quotation and citation omitted).

Amedisys has usurped the duty and authority of this Court to monitor communications with putative class members and to ensure that the information provided regarding this litigation and the putative members' rights in proceeding in the action is timely and accurate. Amedisys'

conduct has undermined the integrity of the judicial process and potentially confused and misled putative class members.

Amedisys' arguments that arbitration is generally treated favorably by the courts is misplaced.  Here, the primary issue of concern is the implementation of an arbitration agreement during ongoing litigation combined with the waiver of rights to proceed in the litigation without affirmative agreement by putative class members.  Moreover, Amedisys' unilateral communication took place without notice to the Court or opposing counsel.

To be clear, the Court supports arbitration - if properly and fairly implemented.  The Court does not intend to prevent defendant from implementing its arbitration programs with respect to any of its employees.  Likewise, the Court is not mandating a certain format that arbitration agreements must take.  Rather, the Court finds that a protective order is necessary based on the totality of the circumstances in this case.  Therefore, defendant shall consult the Court prior to issuing future, related communications with putative class members.

## **CONCLUSION**

The Court has reviewed the proposed notice of protective order submitted by plaintiffs and finds it to be appropriate and necessary in light of Amedisys's actions.  For the above stated reasons, plaintiff's emergency motion for protective order [Doc #106] is GRANTED.  After the Court's final approval of the class certification notice, plaintiffs are authorized to distribute to named plaintiffs, opt-in plaintiffs, and all putative class members for this action a notice in the form as proposed and submitted by plaintiffs to the Court on September 3, 2013 (doc. # 115). Within 15 days of this order's filing date, Amedisys shall provide plaintiffs' counsel with the names, addresses and telephone numbers of all putative class members who were sent the purported Agreement, and it shall provide plaintiffs' counsel with copies of all materials and

communications sent to or received from opt-in plaintiffs and putative class members relating to the putative Agreement.

Dated this 13th day of January, 2014, at Bridgeport, Connecticut.

/s/
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE