UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SCOTT TOMKINS, JOSEPH G. HUSK, :
and ELIZABETH LEUNG on behalf :
of themselves and others :
similarly situated, :      3:12cv1082 (WWE)
      Plaintiffs, :
v. :
  :
AMEDISYS, INC., :
      Defendant. :

## RULING ON MOTION FOR CONDITIONAL CERTIFICATION AND FOR ISSUANCE OF NOTICE

This is a putative class and collective action case brought pursuant to the Fair Labor Standards Act ("FLSA") arising from use of "pay-per-visit" compensation for some of defendant Amedisys, Inc.'s home health clinicians. Plaintiffs have filed a motion for conditional certification as a collective action and for issuance of notice. Defendant has opposed the motion for conditional certification and for issuance of notice. After review of the extensive briefing, the Court will grant the plaintiffs' motion.

### Background

Defendant Amedisys is a business that provides home health care services in several states, including Connecticut. Amedisys's headquarters are located in Baton Rouge, Louisiana.

Plaintiffs are home health care clinicians who worked as registered nurses, physical therapists, occupational therapists, or speech language pathologists ("Clinicians") whom Amedisys considered to be exempt from overtime payment under

1

the FLSA.  Plaintiffs Tomkins, Husk and Leung are registered nurses who formerly worked for Amedisys.

Amedisys has paid plaintiffs and other Clinicians pursuant to a compensation practice that is based on hours worked and estimates of hours work.  This compensation method includes "pay-per-visit" flat fee payments for some work and hourly payments for other work.  Pursuant to the pay-per-visit method, Amedisys compensates Clinicians based on a consistent visit rate depending on the type of visit.  For example, routine visits are paid at the Clinician's routine rate; start of care visits are paid at the Clinician's start of care rate; and recertification visits are paid at the Clinicians recertification rate.  Amedisys assigns a certain number of points to each type of patient visit that reflect time estimates for patient visits.  Amedisys also pays Clinicians an hourly rate for other "administrative" work that includes time spent in conferences, staff meetings, training and recertifications.

At the end of December 2010, Amedisys reclassified pay-per-visit Clinicians as non-exempt workers and began to pay them overtime at a rate that plaintiffs assert is not properly calculated to compensate for all hours worked.  Plaintiffs maintain that Amedisys fails to compensate its Clinicians for all of the time spent on visit-related activities, such as patient documentation, driving to and from the visits, dropping off lab tests, and communicating with patients and other care providers.

## DISCUSSION

Plaintiffs assert that they and similarly-situated Clinicians were not paid proper overtime compensation due to misclassification in violation of the FLSA  prior to late December 2010, and improper calculation of overtime after late-December 2010.

Defendant Amedisys maintains that conditional certification is not appropriate because (1) the proposed class should not include salaried and pay-per-visit Clinicians; (2) the proposed class should not include both exempt and non-exempt workers; (3) plaintiffs have not sustained their burden of proof; and (4) plaintiffs cannot establish a common policy after the re-classification of the pay-per-visit Clinicians.

In determining whether a suit may proceed as a collective action under the FLSA, courts generally undertake a two-step review.  Cuzco v. Orion Builders, Inc., 477 F. Supp. 2d 628, 632 (S.D.N.Y. 2007).  The Court must first determine whether the proposed class members are similarly situated and should be certified conditionally for notice to be issued.  Patton v. Thomason Corp., 364 F. Supp. 2d 263, 266-67 (E.D.N.Y. 2005).  Prior to completion of discovery, the court should not resolve factual or substantive issues.  Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54 (S.D.N.Y. 2005).

Conditional certification may be granted after the named plaintiffs make "a modest factual showing" that they are similarly situated to the potential opt-in plaintiffs with respect to their job requirements and pay provisions.  Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010).  Parties may be similarly situated despite differing positions or job functions provided that they are subject to a common unlawful policy or practice.  Lamb v. Singh Hospitality Group, Inc., 2013 WL 5502844, *5 (E.D.N.Y. Sept. 20, 2013).  A low standard of proof at the conditional certification stage is required because the purpose of this initial determination is to establish only whether similarly-situated plaintiffs do, in fact, exist.  MacPherson v. Firth Rixson Ltd, 2012 WL 2522881, * (W.D.N.Y. June 28, 2012).  Generally, courts authorize dissemination of notice upon a

"simple showing" that other employees may also have been subjected to the allegedly improper employment policy. Pippins v. KPMG, LLP, 2012 WL 19379, *6 (S.D.N.Y. Jan. 3, 2012). This lenient standard applies even where plaintiffs assert a nationwide class. Lloyd v. J.P. Morgan Chase & Co., 2013 WL 4828588, *3 (S.D.N.Y. Sept. 9, 2013).

At the second stage, the district court will determine based on a more complete record whether the collective action should proceed by considering whether the opt-in plaintiffs are actually similarly situated to the named plaintiffs. Myers, 624 F.3d at 555.

In this instance, plaintiffs assert that they are similarly situated with other Clinicians because they have substantially similar job requirements and pay provisions that require them to perform work over 40 hours per week for the benefit of Amedisys without proper compensation. Plaintiffs argue that the SEC Filings report reflects that the Clinicians are predominantly compensated pursuant to the pay-per-visit method; plaintiffs also point to testimony or declarations from multiple Clinicians from several states, averring that the Clinicians have been compensated according to the pay-per-visit method and deprived of overtime proper overtime compensation for work performed more than 40 hours per week.[1]

Amedisys may pay certain Clinicians on a salary basis but the submissions indicate that a substantial amount of Clinicians are paid on the pay-per-visit basis. Plaintiffs have further submitted adequate evidence that Amedisys calculates overtime without considering all of the hours worked, despite its current overtime policy. The

---

[1] Plaintiffs have submitted declarations or deposition testimony from ten Clinicians who have worked in eight different states.

Court finds that plaintiffs have sustained their "modest burden" of showing the existence of similarly-situated Clinicians who have been subjected to the same policies alleged to violate the FLSA.

Amedisys raises a concern that the putative class will mix exempt and non-exempt employees. However, plaintiffs explain that the named plaintiffs and the proposed class were all classified as exempt prior to late December 2010 and then reclassified as non-exempt after late December 2010. Thus, all putative class member Clinicians appear to have been subjected to same policies that resulted in their mis-classification and overtime miscalculations.

Although Amedisys argues vigorously that its policies do not violate the FLSA, the Court will not consider the legal merits of plaintiffs' claims on a motion for conditional certification.

Accordingly, the Court will grant the motion for conditional certification.

Plaintiffs have also requested that Amedisys produce the name, address, date of employment and personal identification information relevant to each employee within its home health division employed as a Clinician, who has been paid on a pay-per-visit and hourly basis. Generally, courts grant this type of request in connection with a conditional certification of a FLSA certification action. Hernandez v. NGM Management Group LLC, 2013 WL 5303766, *5 (S.D.N.Y. Sept. 20, 2013). Thus, this Court will also order Amedisys to produce a list of potential class members to facilitate the issuance of notice.

The Court, after reviewing the contents of the proposed Notice of Pending Lawsuit, approves the plaintiffs' notice as submitted. Such notice should also include

the Corrective Notice regarding arbitration.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the motion for conditional certification [doc. # 97].

The Court Orders Amedisys to produce within fifteen days of this Ruling:

A list, in electronic and importable format, of all persons employed by Amedisys in its home health division in the United States as full-time Registered Nurses, Physical Therapists, Occupational Therapists, Speech Language Pathologists, or in substantially similar positions, and who were paid on a pay-per-visit and hour basis, from three years prior to the date of the Court's order to the present, including their first and last name, last-known address, dates of employment, location of employment, social security number and date of birth.

Within 20 days of this Ruling, plaintiffs should submit the notice of pending lawsuit and opt-in consent forms for this Court's final approval.

Dated this _13th____ day of January, 2014 at Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton
Senior U.S. District Judge